FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 JUL 20 PM 5: 22
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ROBERT ROSZELL,

 Plaintiff,

v.         Case No. CV407-055

RUSS ABOLT, et al.,

 Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee who has been allowed to proceed *in forma pauperis,* has filed a complaint pursuant to 42 U.S.C. § 1983 against Chatham County and various county officials. Doc. 1. The Prison Litigation Reform Act requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1). The Court will therefore examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff's abbreviated complaint alleges that some unspecified "Amendment right [has been] broken and [his] life violated" by

defendants, and he states that he is "being treated real bad by Chatham County" and certain of its officials. Doc. 1, at 5. His only specific claim is that his daughter was taken from him "and her mother," id., but he provides no details as to the circumstances surrounding the taking of his daughter, when this event occurred, or in what manner his rights were violated. Plaintiff, who is confined at the Chatham County Jail, requests that the Court grant him his "freedom" and (apparently) award him custody of his daughter. Id. He also requests that the Court "do away with" his criminal record and "put [him] out of the city" so he can receive "another chance somewhere else." Id. at 6. He also seeks to have four of the named defendants "fired from there [sic] jobs," although he only mentions these defendants in his prayer for relief.[1] Id.

Plaintiff's complaint fails to state a claim upon which relief can be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)

---

[1] As best the Court can determine, plaintiff seeks to sue seven defendants: Chatham County; Russ Abolt (county manager); the district attorney; Mike O'Conner (presumably an assistant district attorney); the "head" of the state probation office; the Department of Family and Children Services (DFACS); and Linda Jordan, a DFACS case worker. Only some of the defendants are mentioned in the "Statement of Claim" section of his complaint, and defendant does not specify what exactly these defendants did to violate his rights (except to say that the district attorney failed to "hav[e] his witness together," thereby "dragging" plaintiff). Doc. 1, at 5. In his prayer for relief, plaintiff appears to suggest that DFACS case-worker Linda Jordan "is the one who got my child." Id. at 6.

and § 1915A. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 1964–65. The complaint should be dismissed if the facts as pled do not set forth "a claim to relief that is plausible on its face." Id. at 1974.

Here, plaintiff fails to set forth any grounds demonstrating that he is entitled to relief. Instead, he merely alleges that his daughter was taken from him, apparently at the behest of a DFACS officer during some sort of state legal proceeding initiated by the local district attorney's office. That fact, standing alone, fails to establish a violation of any federally guaranteed right. Nor does plaintiff's conclusory allegation that his "Amendment right" has been "violated" or that he

has been treated "real bad" by the defendants state a plausible claim for relief. "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 127 S. Ct. at 1965 (citation omitted). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at n.3. Plaintiff has made no such showing here but instead has fashioned a wholly conclusory statement of his claim that does not meet the pleading standard of Rule 8, and therefore his complaint cannot survive review under 28 U.S.C. §§ 1915A (b)(1) (which requires sua sponte dismissal of prisoner complaints that fail to state a claim for relief) or 1915(e)(2)(B) (same for IFP complaints).

Furthermore, plaintiff's efforts to secure his release from custody is not a proper use of § 1983. When a state prisoner or detainee seeks immediate or speedier release from custody, the law is clear that "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). But before plaintiff can pursue such relief in this Court, he must first exhaust his state remedies. 28 U.S.C. § 2254(b).

Finally, there are numerous other problems with plaintiff's complaint: (1) plaintiff fails to make any mention of several defendants (Russ Abolt, Mike O'Conner, and Linda Jordan) in his statement of the

4

claim, (2) certain defendants (Chatham County, Russ Abolt, and the district attorney) appear to be sued under a theory of vicarious liability, which is not cognizable under § 1983, (3) certain defendants (the district attorney and Mr. O'Conner) appear to be absolutely immune from liability, and (4) the Court lacks the necessary subject matter jurisdiction to address a collateral challenge to the state agency and court proceedings that terminated plaintiff's parental rights, for the federal courts do not act as appellate courts over state tribunals.

"Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler Co., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). Plaintiff has failed to meet the threshold requirement of Rule 8(a)(2) that his complaint "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 127 S. Ct. at 1966. Accordingly, his complaint should be DISMISSED for failure to state a claim.

**SO REPORTED AND RECOMMENDED** this 20th day of **July, 2007.**

/s/ illegible
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT ROSZELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-055 |
| | ) |
| RUSS ABOLT, et al., | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

After a careful <u>de</u> <u>novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ROBERT ROSZELL, )
)
    Plaintiff, )
)
v. )   Case No. CV407-055
)
RUSS ABOLT, et al., )
)
    Defendants. )

## **O R D E R**

After a careful <u>de</u> <u>novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this \_\_\_\_ day of _____, 2007.

                                                   _____
                                                 B. AVANT EDENFIELD
                                                 UNITED STATES DISTRICT JUDGE
                                                 SOUTHERN DISTRICT OF GEORGIA